ED WAGNER, Respondent, v. THE WESTERN UNION TELEGRAPH COMPANY, Appellant.

**Springfield Court of Appeals, January 3, 1911.**

1. **TELEGRAPH COMPANIES: Actions for Penalty: Interstate Message: Failure to Deliver.** In an action against a telegraph company for the penalty provided in section 3330, Revised Statutes 1909, for failure to promptly and impartially deliver a message, which was sent from one of the defendant's offices out of the state to one of defendant's offices in the state, it was held on a demurrer to the petition that the statute did not apply to interstate messages and that the demurrer should have been sustained.

2. ———: ——— :———: **Statutory Construction.** Section 3330, Revised Statutes 1909, is a penal statute, and must be strictly construed. No case shall be held to fall within it which does not fall both within the reasonable meaning of its terms and within the spirit and scope of its enactment. It can have no extra territorial force and it must be presumed that the Legislature did not intend to exceed its jurisdiction or design it to operate beyond the limits of the state.

Appeal from Laclede Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED.

*George H. Fearons, Ferriss, Zumbalen & Ferriss* and *W. R. Self* for appellants.

(1) The petition is insufficient and does not state a cause of action under the statute. 30 Cyc. 1352; Wood v. Telegraph Co., 59 Mo. App. 236; Connell v. Telegraph Co., 108 Mo. 459; State to use v. Railroad, 83 Mo. 144; Parrish v. Railroad, 63 Mo. 284. (2) The statute is penal and must be strictly construed. Cowan v. Telegraph Co., 129 S. W. 1066; Eddington v. Telegraph, 115 Mo. App. 93; Rixke v. Telegraph Co., 96 Mo. App. 410; Connell v. Telegraph Co., 108 Mo. 459.

(3) The law does not cover this kind of case; the statute only applies to messages received in this state and not to a failure to deliver a message which originated outside of this state. Cowell v. Telegraph Co., 108 Mo. 459; Pixke v. Telegraph Co., 96 Mo. App. 408; Dudley v. Telegraph Co., 54 Mo. App. 391; Western Union v. Pendleton, 122 U. S. 347; Carnahan v. Telegraph Co., 89 Ind. 526; Western Union v. Reed, 96 Ind. 195; Rogers v. Telegraph Co., 122 Ind. 395.

*J. W. Farris* for respondent.

(1) All of the authorities cited to sustain the demurrer, were decisions under the law before it was amended, where suits were instituted for failure to transmit, and can have no application to a petition for failure to deliver. The appellate courts, however, have sustained the sufficiency of similar petitions for the penalty under the old law. Parker v. Telegraph Co., 87 Mo. App. 553; Rixke v. Telegraph Co., 96 Mo. App. 406. The argument against extra territorial jurisdiction and interstate commerce must be considered by the court with reference to respondent's right to recover for failure to deliver. Respondent does not claim any right to recover for failure to transmit and deliver, where the dispatch had to cross a state line, and predicates his right solely on a failure to deliver, after the dispatch had been received by the appellant's operator at Conway. There is no need of injecting into the case issues not made by the pleadings.

GRAY, J.—This suit was instituted by the respondent to recover from the appellant the penalty provided by section 3330, Revised Statutes 1909. The petition alleges: "Plaintiff for his cause of action states to the court, that the defendant, the Western Union Telegraph Company, is a corporation duly organized under the laws of the State of Missouri, and

doing a general telegraph business within said state, and in the State of Kansas.

"That the plaintiff is a resident of said State of Missouri, and on or about the 8th day of May, 1908, he delivered to the said defendant at Burton, Kansas, a message and paid the usual charges for the transmission and delivery of the same, and directed the operator and servant of the said defendant to transmit the same to Conway, Missouri, and deliver the same to the addressee, as follows, to-wit:

" 'Burton, Ks. 5-8-1908. E. W. Cook, Conway, Mo. Will arrive on train eight, tonight. Ed Wagner.'

"That said message was transmitted to Conway, Mo., during the afternoon of that day, but the defendant, by its agents and servants failed, refused and neglected to deliver the said message to the addressee, promptly, impartially and in good faith."

The defendant demurred to the petition. First. On the general ground that it did not state facts sufficient to constitute a cause of action. Second. On the particular ground that the petition showed the contract for the transmission of the telegram was entered into in the State of Kansas, and not in the State of Missouri. The demurrer was overruled and the defendant answered. The trial resulted in a judgment in favor of the plaintiff, and the defendant appealed.

The first question to be determined is: Does the statute authorize the collection of the penalty for a failure to deliver a message sent from an office out of this state, to an office in this state? The statute reads: "It shall be the duty of every telegraph or telephone company, incorporated or unincorporated, operating any telephone or telegraph line in this state, to provide sufficient facilities at all its offices for the dispatch of the business of the public, to receive dispatches from and for other telephone or telegraph lines and from or for any individual, and on payment or tender of their usual charges for transmitting and delivering dis-

patches as established by the rules and regulations of such telephone or telegraph lines, to transmit and deliver the same to designated address and to use due diligence to place said dispatch in the hands of the addressee, by the most direct means available, without material alterations, promptly, and with impartiality and good faith.''

The statute is penal and must be strictly construed, and ''no case shall be held to fall within it which does not fall both within the reasonable meaning of its terms, and within the spirit and scope of its enactment.'' [Connell v. Telegraph Co., 108 Mo. 459, 18 S. W. 883; Cowan v. Telegraph Co., 129 S. W. 1066.]

The statute can have no extra-territorial force, and it must be presumed that the Legislature did not intend to exceed its jurisdiction or design it to operate beyond the limits of the state. [Connell v. Telegraph Co., supra.]

Applying these rules laid down by the Supreme Court to the statute in question, what is the construction to be given to that part of it reading as follows: ''To provide sufficient facilities at all its offices for the dispatch of the business of the public, to receive dispatches from and for other telephone or telegraph lines and from or for any individual, and on payment or tender of their usual charges for transmitting and delivering dispatches, to transmit and deliver the same with impartiality and good faith.''

If we construe the above part of the statute to mean that it shall be the duty of the company to provide sufficient facilities at all its offices in and out of this state, then we come in conflict with the Supreme Court's decision in the Connell case, where it is held the statute has no extra-territorial force. We must, therefore, construe the language to mean as though it read: ''To provide sufficient facilities at all its offices in this state.'' This is the reasonable construction.

for it will not do to say the Legislature attempted to regulate the affairs of the company in states other than Missouri.

When we have adopted the construction that the offices referred to in the statute are offices to be kept and maintained in Missouri, then it is plain from the reading of the balance of the statute, that it refers to no other messages than the ones delivered at the offices in this state. This is made apparent from the subsequent part of the statute, which makes the duty of the company to transmit and deliver, conditioned on the payment or tender of its usual charges. The company is not liable for the penalty unless the party desiring to send the message, paid or tendered the usual charges for transmitting and delivering the same. This clause of the statute is coupled with the one making it the duty of the company to provide sufficient facilities at all its offices.

The statute also requires the company to receive, dispatches from and for other telegraph lines, and on payment or tender of the usual charges for transmitting and delivering such dispatches, to transmit and deliver the same. This part of the statute also has reference to a transaction in Missouri.

We do not hold this part of the statute to mean that all of the transactions relating to the message, should occur in Missouri. A message might be sent from another state into Missouri by telephone, and in Missouri delivered to a telegraph office to be forwarded to a point in this state. Upon payment or tender to the telegraph office in this state, the usual charges for forwarding the message, the company would be liable for the penalty as if the message had not come from another state, but had been delivered originally to the company in this state. The whole transaction so far as the telegraph company in this state was concerned, would be a Missouri transaction.

When we consider the fact that the statute is highly penal and is to have a strict construction, it seems to us that it relates only to Missouri contracts, and by its terms the company is required to keep sufficient facilities at its offices in this state, and when a message has been delivered to it at such office, and there has been payed or tendered to the company the usual charges for transmitting and delivering such message, the company must transmit and deliver the same in good faith, and for a failure so to do, it is liable for the penalty prescribed.

In Rixke v. Western Union Telegraph Co., 96 Mo. App. 406, 70 S. W. 265, the Kansas City Court of Appeals said: "A petition, therefore, which alleges a failure to promptly transmit from a place within this state to the addressee at a place without this state, discloses no cause of action on the statute. Since the statute can have no extra-territorial force it is essential in order to state a cause of action on it that the petition allege a failure to promptly transmit from a place in this state to the addressee at another place also in this state."

In Connell v. Telegraph Co., the Supreme Court said, in speaking of the statute: "Its force is wholly spent within the territorial limits of the state upon a citizen of the state in requiring the performance of a duty which that citizen owes to the people of the state and to commerce itself, in the conduct of its business within the state. It does not seek to regulate the transmission and delivery of interstate telegrams in any manner, either within or without its own borders. It does not enter the field of regulation, but leaves that field where the constitution places it under the operation of such laws of congress as may be enacted, regulating the transmission and delivery of interstate telegrams, and in no way encroaches upon its power in that behalf."

The respondent admits that as the statute read at the time the Rixke and Connell cases were decided, the company was not liable for the penalty for a failure to transmit interstate messages, but claims the statute has been amended so as to authorize the collection of a penalty for a failure of the company in this state, to deliver a message sent from another state. The only difference in the statute as it existed when those cases were decided and now, is, that the words "and deliver" are found in the present statute after the word "transmit." If the Legislature intended to amend the statute so as to make it apply to an interstate message, it is strange it did not so say.

There were two points decided in the Connell and Rixke cases. The first point was that the statute, as it then existed, did not provide a penalty for a failure to deliver a message, but only for a failure to transmit it. The second point was that the statute did not apply at all to interstate messages.

Five years prior to the amendment, the Kansas City Court of Appeals had said in plain language: "In order to state a cause of action, it is necessary that the petition allege a failure to promptly transmit from a place in this state to the addressee at another place also in this state." The Legislature did not undertake to amend the statute except to authorize a recovery of the penalty for a failure to deliver the message. In other words, the amendment referred only to the messages covered by the original act and the amendment dealt only with such messages.

The St. Louis Court of Appeals, in the case of Brashears v. Telegraph Co., 45 Mo. App. 433, had held that the old statute authorized a suit for the penalty for a failure to deliver the message. The Kansas City Court of Appeals had held the penalty could not be recovered for failure to deliver. [Dudley v. Telegraph Co., 54 Mo. App. 391.]

With all of these decisions well known to the law-yers of the state, the Legislature amended the statute so as to authorize a recovery of the penalty for a fail-ure to deliver the message. But in so doing, did not add anything to the statute to indicate that any other change in the law as it had been declared in the Con-nell and Rixke cases, was desired.

We hold that the amendment of 1907 deals only with the messages covered by the previous statute, and that it does not authorize a person to sue for and recover the penalty for a failure to deliver a message sent from another state and under a contract made in the other state.

This disposes of the case, and therefore, it will not be necessary to discuss the other points raised by the appellant. The judgment of the trial court will be re-versed. *Cox, J.*, concurs; *Nixon, P. J.*, having been of counsel, not sitting.