GEORGE W. BURLEY, RESPONDENT, v. THE STATE SOCIAL SECURITY COMMISSION OF MISSOURI, APPELLANT.—163 S. W. (2d) 95.

Kansas City Court of Appeals. June 15, 1942.

*Roy McKittrick* and *B. Richards Creech* for appellant.

SPERRY, C.—George W. Burley, claimant herein, applied for old age assistance, which was denied him by the State Social Security Commission. Claimant appealed to the circuit court where the judgment was that the Commission had not given claimant a fair trial and remanded the cause for further proceedings. From that judgment the Commission prosecutes this appeal.

At the time the hearing was held claimant was seventy-three years of age and physically unable to earn a livelihood. He was qualified in every respect to receive old age assistance unless he was then receiving, from a daughter, "income or resources . . . sufficient to meet his needs for a reasonable subsistence compatible with decency and health." [Howlett v. Social Security Comm., 149 S. W. (2d) 806, 812.]

The determination of that question is primarily vested in the Commission; but if the Commission failed to give claimant a fair hearing or if its determination of the question adversely to the contention of claimant was not supported by substantial evidence then it became the duty of the circuit court to reverse the order of the Commission and to remand the matter to it for further consideration. [Howlett v. Social Security Comm., *supra*, 810.]

The evidence adduced before the Commission, the transcript of which constituted the circuit court record upon which that court acted, disclosed the following facts:

Claimant and his wife, together with claimant's grandchild, a girl six years of age, lived with claimant's unmarried daughter, Mildred. Mildred was employed and earned $35 per week, or about $151.50 per month, and she paid the entire living expenses of all members of the household. She so testified as a witness when called by the Commission. She testified that she received nothing from the father of her niece, claimant's granddaughter.

Claimant did not testify to any facts tending to prove that he was not then receiving sufficient food, shelter and medical attention commensurate with health and decency. He testified as follows:

"Q. Have you sufficient clothes now? A. You can see what I have on?

"Q. Do you have a good home? A. Why, according to our means we have as good as we can afford."

Mary Rose McKeever, a social worker, testified that Mildred told her that she paid out the following sums, monthly: Food $48.00; clothing $20.00; rental $27.50; fuel and gas $10.00; electricity $5.00; household supplies, $1.50; personal health and medical supplies $10.50; transportation $5.00; insurance $27.65; lunches $8.50.

As to such testimony it would not have been admissible had it been objected to, because it was based on hearsay; but, since it was not objected to it was properly before the Commission.

Miss McKeever also testified that the family lived in a two story house, located in a good residential neighborhood of Kansas City, and that the house was "adequately and comfortably furnished." The latter testimony probably was the result of her conclusion, rather than testimony concerning primary facts; but, again, there was no objection as to its competency and it is, therefore, properly before the Commission.

This witness also testified to the effect that the six-year-old child's father told her that he was then, and had been, contributing $18 per month for the support of said child. This testimony was rank hearsay and was in direct conflict with the positive testimony of Mildred Burley, whose testimony was offered by the Commission. However, no objection was offered to the reception of such testimony. She also testified to the effect that the total income to the home was Mildred's salary of about $151 per month, plus $18 from the child's father, a total of $169, and that there was a "budgetory" balance of about $8 per month, after all expenses were paid. This latter testimony consisted of hearsay and conclusion on the part of the witness and should not, ordinarily, be permitted or considered by the Commission in connection with its "hearings" on claims of this char-

acter. She was not an "expert" witness and the testimony was not received under that theory.

The reception of evidence by the Commission should be governed, generally, by the same rules as are followed by courts and by other similar commissions and fact finding bodies. Social workers, when they appear as witnesses, occupy the same position as that of witnesses generally and the testimony they give should be received subject to the general rules of evidence unless they show themselves to be qualified as experts, in which case the rules concerning reception of expert testimony should prevail.

The circuit court remanded the cause to the Commission because of its finding to the effect that the award was not supported by substantial evidence in that Miss McKeever testified that the family income was $169 per month, including $18 from the father of the little girl, when such testimony was based on hearsay and was positively contradicted by a witness produced by the Commission.

We are inclined to think that the learned circuit judge was in error in rendering the judgment remanding the cause. We think that, even if we completely disregard the last above mentioned testimony of Miss McKeever (although, since it was not objected to it should be considered), there was sufficient substantial evidence before the Commission from which it would, and did, find the fact to be that claimant was being fed, clothed, sheltered, and medically cared for in a manner compatible with decency and health. Certainly there was no evidence which tended to establish that claimant was not receiving such food, clothing, shelter, care and treatment. We have heretofore set out the evidence upon which we think the Commission's award may legally rest and will not further extend this opinion by its repetition.

The judgment of the circuit court is reversed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment of the circuit court is reversed. *Shain, P. J.,* and *Bland, J.,* concur; *Cave, J.,* concurs in result.