WILLIAM DOOLEN v. STATE SOCIAL SECURITY COMMISSION OF MISSOURI.
—187 S. W. (2d) 467.

Kansas City Court of Appeals. April 30, 1945.

*J. E. Taylor* and *B. Richards Creech* for appellant.

*Rex H. Moore* for respondent.

DEW, J.—Respondent had been removed from the old age assistance rolls and appealed to the State Social Security Commission. After a hearing before the Commission, it made a finding and award "(1) That claimant resides in the home of relatives with whom he has lived as a member of the family for several years; (2) That the income in this home is sufficient to meet the necessary family expenses; (3) That claimant has income, resources, support and maintenance, which he receives in the form of gratuities from such relatives, sufficient to meet his needs for a reasonable subsistence compatible with decency and health and is not found to be in need." Whereupon, the Commission denied the application. Appeal was thereafter taken by the respondent to the Circuit Court of Grundy County.

Upon said appeal to the Circuit Court, that court found "that there was no substantial evidence offered before said commission that the claimant has sufficient income, resources, support and maintenance, which he receives in the form of gratuities to meet his needs for a reasonable subsistence, compatible with decency and health in that there was no evidence offered before said commission that medical treatment, drugs and medicine and clothing is being furnished to claimant by anyone; and further finds that the claimant is in need of medical treatment, drugs and medicine, and clothing. Therefore

the court finds that the decision of the State Social Security Commission is arbitrary and unreasonable and that claimant was not afforded a fair hearing within the meaning of the law.'' The court thereupon ordered and adjudged that the cause be remanded to the State Social Security Commission for redetermination of the issues.

The testimony of the applicant (respondent) before the Commission was, substantially, that he was, at the time of the hearing, 85 years old, and single; that he had a son in England in the army, but who was not making the applicant any allotment; that the applicant had no property of his own; that he lived part of the time with his daughter and her family, and at other times with his brother and with his brother-in-law, and that he also had two sisters; that occasionally he had had a doctor to attend him, but the doctor was now gone; that he now had no doctor; that he had a drug bill; that one-half of his last pension check of $13.00 had been used to pay doctor and drug expenses; that when he lives with his daughter and her husband they furnish him food and a place to stay, and that when he stays with his other relatives they provide him with board and room. He stated that his said son-in-law, Mr. Kelso, operates an oil wagon; that applicant had lived with the Kelsos up to a few days prior to the hearing and was at the time living with respondent's brother; that he probably lived with his daughter and her husband one-third of the time, and with the rest of the relatives the balance of the time. He testified that the daughter did not buy him clothing, nor did anybody buy clothing for him except himself; that he had not been able to work for a number of years. The following was a part of his testimony:

''Q. How have you been supported when you were not able to work?
A. Just live around.

''Q. Supported by relatives? A. Yes, partly. I stay with my daughter. I worked in the garden this summer. I couldn't do much.

''Q. Do your daughter and her husband own their home? A. I think they do.''

According to the testimony of a neighbor, respondent lived with his said son-in-law part of the time and with his brother and brother-in-law at other times. He estimated that respondent lived most of the time with his daughter and son-in-law.

The brother of the respondent testified that respondent lived more of the time with his daughter and son-in-law than with the other relatives, and made that home a sort of headquarters; that he stayed with the witness part of the time and often comes for two or three days at a time; while living with the witness, the witness furnishes him with food, but has not furnished him clothing. Witness was asked if he knew that the respondent's relatives had been supporting respondent for the past few years and answered: ''Yes, I suppose so.'' He was asked if the respondent had any income other than his old

age assistance check and testified that he did not. The following question was asked the witness:

"Q. Do you know whether his daughter or her husband furnish him any? (clothing) A. I couldn't say. I suppose they would if he didn't have enough pension."

The records of the Commission were offered as to the home and family of respondent's daughter and son-in-law (the Kelsos), where he had been living most of the time, which records show that the family consisted of the daughter and husband and two children, eight and ten years, respectively; that the family income was $194.19 per month as against a family expense budget of $155.82.

Under Section 9411, Revised Statutes Missouri, 1939, the function of this court on appeal from the finding and award of the State Social Security Commission is to determine whether or not a fair hearing has been granted to the applicant as to his eligibility and rights under the law, and whether or not the decision of the Commission was arbitrary and unreasonable.

It was said in Garrison v. State Social Security Commission, 157 S. W. (2d) 792:

"Neither this Court nor the circuit court is authorized to interfere with the findings of the Social Security Commission where there is any substantial evidence in the record to support such findings."

In the case of Chapman v. State Social Security Commission, 147 S. W. (2d) 157, l. c. 159, our court said:

". . . We cannot conclude that the Commission's hearing or decision in any case is 'unfair,' or 'arbitrary' or 'unreasonable,' simply because, with conflicting evidence or with possible conflicting inferences from the evidence, each of which might be reasonable, we would, if empowered ultimately to decide the fact, have reached a different conclusion than was reached by the Commission . . ."

Section 9404, Revised Statutes Missouri, 1939, prohibits the benefits of public assistance through the Social Security Act in certain cases. The amendment thereto enacted in 1939, specifically disqualifies those, among others, who have "earning capacity, income, or resources, whether such income or resources is received from other person or persons, gifts or otherwise, sufficient to meet his needs for a reasonable subsistence compatible with deceny and health."

It will be noted from the facts stated that the applicant had for years been living with and supported by his various close relatives, consisting of his daughter, son-in-law, brother, brother-in-law, and, presumably, two sisters. It is evident from the applicant's testimony that they have continuously been furnishing him with food and shelter, taking their turns in those gratuities at such times as might suit the desire of the respondent as he changed from one home to another. Upon the record we must hold that there was substantial evidence before the Commission that respondent had resources from

such persons and relatives, sufficient to meet his needs for a reasonable subsistence compatible with decency and health. [Howlett v. Social Security Commission, 347 Mo. 784, 149 S. W. (2d) 806.]

It is true that respondent said he had a drug bill. He did not say how long he had had it, nor the amount of it, nor that any of his said relatives had refused to pay the same. Nor is there evidence that respondent was in need of further medical attention, nor if so, that the same had been refused him by any of his several relatives who were supporting him. It is also true that he said that such clothes as he had he had bought himself. This does not necessarily mean that if he were in need of any additional clothing and could not obtain them for want of his own means, that someone of his said relatives who were supporting him would not supply them. In other words, there is a reasonable inference from the testimony before the Commission that along with the support of the respondent, gratuitously furnished to him for several years and up to the time of the hearing, any medical attention that he might thereafter need, or any clothing required for his comfort and appearance would be furnished him from the same source or sources. [Taylor v. State Social Security Commission, 181 S. W. (2d) 209.]

Thus it would appear that not only did the respondent have a fair hearing before the Commission of his eligibility for old age assistance, but that there was substantial evidence before the Commission to justify its finding and award. Its decision was, therefore, not arbitrary or unreasonable.

In view of the above, we conclude that the judgment of the Circuit Court herein should be reversed. It is so ordered. All concur.