ANNA B. CAMPBELL, v. STATE SOCIAL SECURITY COMMISSION.—191 S. W. (2d) 1015.

Kansas City Court of Appeals.   November 5, 1945.

*J. E. Taylor* and *B. Richards Creech* for appellant.

*F. M. Brady* and *Edwin F. Brady* for respondent.

DEW, J.—This is an appeal from a judgment rendered February 22, 1944, in the Circuit Court of Benton County, wherein that court held as arbitrary and unreasonable the denial by the State Social Security Commission of the application of respondent for old age assistance, and remanding the same to the Commission for redetermination.

The application of the respondent filed February 3, 1943, states, among other things, that she is a resident of Warsaw, Missouri; that she is 81 years of age; has no property except a $50 Government bond; owes $50 for treatments for a broken hip, which injury she had sustained four years previously; that she is unable to do any work or take care of herself, and that for four years she has not been out of the house where she is living. The application further states that she was then living at the home of her daughter and son-in-law, Mr. and Mrs. Curt G. Smith, in Benton County; that said daughter was 61 years old, and son-in-law 62 years old; that both were in bad health and unable to look after the farm and stock, and unable to take care of the applicant; that the applicant needed attention every day, required medicine frequently and special kinds of food, which has to be purchased.

382

It appears from the application that respondent had been on the rolls of the Commission and had been removed therefrom November 10, 1942, for the reason assigned that "Reinvestigation disclosed that the income in the home was sufficient to meet the necessary monthly expenditures of this household of three persons. Need ceased 10-31-42". As far as the record shows, the entire evidence consisted of the testimony of witnesses produced in behalf of the applicant, (respondent).

The evidence tended to show that at the hearing before the Commission the respondent was unable, on account of her physical condition, to be present, but appeared by counsel; that her daughter, Mrs. Curt G. Smith, also appeared for her and in her behalf. The evidence was further to the effect that respondent is 81 years of age, mentally sound, but suffering from a broken hip, sustained several years prior to the date of the hearing; that she had been left a widow six years before she took up residence with her daughter, where she is now residing, and where she has resided the past 16 years; that some years prior to the hearing respondent had rented and thereafter sold her farm for approximately $2000; that she had lent some of this money to one of her grandsons, and that at the time of the accident to her hip she had spent $650 for necessary hospital and medical services; that before her accident she had given liberally to church, the Baptist's Home, Orphans' Home, and Baptist's Hospital; that she now has no money or property except a $50 Government bond. The evidence shows that she did not have enough money to settle her hospital bill, and that it was financed by note of her daughter and son-in-law. The applicant was shown to be unable to do any work; that she is unable to turn in bed without help, and unable to leave her room. She had been receiving medical attention up to the week of the hearing.

The evidence further shows that the daughter of the respondent with whom respondent lives is 62 years of age, afflicted with palsy, and is unable to do much housework without help. The son-in-law owns the farm on which respondent is now living, which is worth from $2000 to $2500, subject to an encumbrance of $700. He has reduced the mortgage to this amount by regular installments. He is 63 years of age, is suffering from a crippled leg, which is in a swollen and sore condition, and he is also troubled with rheumatism and neuritis in one shoulder, which interferes with his farm work; that on account of his disability he helps his wife do the housework and hires help for most of the farm work. In addition to the farm of 153 acres, above mentioned, he owns seven cows, three heifers, four calves, twenty-three sheep, one sow, eight pigs, three hundred chickens, fifteen turkeys, two mules and one mare; also farm implements and equipment.

Shortly before the hearing the son-in-law borrowed $200 for the purpose of buying cows, which loan he still owes. The total cash income for the year 1943 of himself and wife from all sources until the date of the hearing September 17, 1943, was $1017.50; their total household and farm expenses for that year would be $1700.80, including the payments on the mortgage, which payments he was keeping up regularly and thereby reducing the mortgage debt. Mr. Smith testified: "Q. From your farming operations, what you raise for your own use and what you sell, have you been able to furnish food, clothing and medical care and other necessities for the three members of your family? A. We have been getting along. Q. I will ask you if it took the $17.50 she has been getting to balance it? A. Yes. Q. Without it, it would be that much off balance? A. Yes, it sure would". He stated that he had been buying corn and other feed; that he had eight acres of corn which had been destroyed by flood, but that he had corn on hand to last a while; that within the last year he had received from all farming operations, for the sale of livestock and poultry, $725, and for wool, milk and eggs, $292.50, or a total of $1017.50, which, added to respondent's old age assistance of $210, made a total income of $1227.50 for the year. He testified to items of expense for the year which totaled $1700.80, or a deficiency of $473.30 in cash receipts and expenditures. However, as stated, he testified that he still had on hand eleven head of cattle, twenty-three head of sheep, seven head of lambs, and a sow with eight pigs, plus about two hundred chickens and fifteen turkeys. He stated that he was milking five cows and selling the milk and cream, for which he gets from $12 to $14 every two weeks.

On the above evidence the Circuit Court, after a detailed finding of facts, held that the appellant had not accorded respondent a fair determination of her case; that the finding and decision of the appellant was not based upon law or facts; that the respondent was qualified under the statute for the benefits applied for, and that the finding of the appellant denying old age assistance to the respondent was, under the law, unreasonable and arbitrary. The judgment of the court was that the award and decision of the appellant be reversed and the cause be certified and remanded to the respondent for redetermination and award according to law.

The points in error on this appeal are, in effect, that the court erred in its finding and judgment that the claimant did not have a fair hearing before the Commission; that it erred in assuming the prerogative of weighing the evidence and finding the facts; that the court erred in its finding and ruling that the judgment and award of the Commission was arbitrary and unreasonable; and that the award of the Commission was sustained by substantial evidence. The additional point made that the court erred in finding for the claimant for the reason that the evidence showed she was receiving resources and

support from other persons, by gift or otherwise, sufficient to meet her needs and for a reasonable subsistence compatible with decency and health, may be considered with the above enumerated points.

The function of a court, reviewing the award of the State Social Security Commission in this state, is so plainly stated in the statute (Sec. 9411, Revised Statutes Missouri 1939) and has been so frequently enunciated in decisions of the courts of this state, that it is deemed not necessary herein to discuss at great length that well determined point of law. The section mentioned confines the authority of the appellate court in such proceedings to a determination of the question of whether or not "for any reason that a fair hearing and determination of the applicant's eligibility and rights under this law was not granted the individual by the State Commission, or that its decision was arbitrary and unreasonable, . . . " We are not aware of any authority permitting us to enlarge our prerogatives in this kind of case, regardless of the sympathetic appeal that the application of any individual for old age assistance may present. The appellate court can review the award of the Commission only on the points contained in the statute as stated.

A significant amendment was made to our old age assistance statutes by the Legislature in 1939, wherein Section 9406, Revised Statutes Missouri 1939, was amended to read so as to disqualify those, among others, who have "earning capacity, income, or resources, whether such income or resources is received from some other person or persons, gifts or otherwise, sufficient to meet his needs for a reasonable subsistence compatible with decency and health".

The Circuit Court, in its finding and judgment, determined that respondent was not afforded a fair and impartial hearing before the appellant. We find no evidence to justify such a conclusion. As far as the record shows, a full hearing and all of the facilities therefor as required by the statute were accorded to the respondent, and no objections or complaints were made therein to the contrary.

Whether or not the Circuit Court erred in weighing the evidence and rendering its finding of facts, preliminary to its judgment herein, we do not believe it necessary for this court to determine. We are interested only in whether or not the court erred in its judgment based upon the certified record of the evidence and proceedings had before the Commission. Whatever finding of facts the Circuit Court, on appeal, saw fit to make in connection with its judgment, does not enlarge or diminish the authority. or functions of our court in reviewing the judgment.

The next point made by the appellant is that the Circuit Court was in error in ruling that the act of the appellant was arbitrary and unreasonable in denying the application of respondent. It has been repeatedly held in cases of this kind that if there was substantial evidence before the Commission which would justify its award it cannot

be disturbed on appeal as arbitrary and unreasonable. [Garrison v. State Social Security Commission, 157 S. W. (2d) 792, 793; Doolin v. State Social Security Commission, 187 S. W. (2d) 467.]

There was substantial evidence before the Commission that the applicant has, for sixteen years, been afforded a home with her daughter and son-in-law on a 153 acre farm; that during that time she had been cared for by them and since the injury to her hip four years ago, has been furnished medical attention and care; that $650 of her own funds have been expended to defray almost all of her hospital and medical expenses in connection with her injury, and the remainder of that obligation had been taken care of for her; that she is now receiving medical attention when needed; that although her daughter and son-in-law are past sixty years of age and in poor health, nevertheless, by employing help for the farm work, both daughter and son-in-law have attended her in her present condition; that the farm belonging to her daughter and son-in-law, where respondent now lives, has been cleared of mortgage indebtedness except approximately $700, and that they now owe only $200 in other obligations; that while the cash receipts of the farm for the prior year have been several hundred dollars less than cash expenditures, the farm is still fairly well stocked with cattle, sheep, pigs and poultry, and that there is farming equipment on the farm to enable the usual farming operations. The above are some of the facts testified to before the appellant by the respondent's own witnesses.

We do not believe it can be said that there was no substantial evidence before the appellant to justify its action in denying the application, nor that its award was arbitrary and unreasonable. In a discussion of the moral obligation of adult children to care for their aged parents as distinguished from any legal obligation therefor, and the effect on same by the old age assistance statutes of Missouri, as amended, the Supreme Court in the case of Howlett v. Social Security Commission, 347 Mo. 784, 149 S. W. (2d) 806, said, at page 812:

"Old age assistance benefits are not payments to which a citizen is entitled as a right. They are themselves gratuities, given by the state to the needy, and as long as the principle of classificataion is a reasonable one, the legislature may deny them to one class while granting them to another. There may be cases, and no doubt there are many of them, in which a grave injustice will be worked by the distinction here made. Sometimes children will undergo unnecessary hardships rather than incur the public odium which might attach to them if they refused to support their parents and thus made them eligible for state assistance. But it cannot be said that the distinction here involved is an unreasonable one, and any argument as to its unwisdom or injustice must be addressed to the legislature and to the people rather than to the courts".

It is our opinion that the judgment and finding of the Circuit Court should be reversed. It is so ordered. All concur.