John R. ELLIS, Plaintiff-Respondent,

v.

STATE DEPARTMENT OF PUBLIC
HEALTH AND WELFARE, De-
fendant-Appellant.

No. 7310.

Springfield Court of Appeals.

Missouri.

Feb. 24, 1955.

John M. Dalton, Atty. Gen., Paul Mc-Ghee, Asst. Atty. Gen., for defendant-appellant.

David C. Black, Robert A. McIlrath, Flat River, C. M. Buford, Ellington, for plaintiff-respondent.

STONE, Judge:

John R. Ellis (hereinafter referred to as claimant), who had been receiving aid to dependent children (hereinafter referred to as ADC) under Section 208.040 [1] "was removed from the rolls in September, 1952," by the Division of Welfare (hereinafter referred to as the Division) because, as the county director said, "physical examination revealed that the children are no longer deprived of parental support due to physical incapacity of the father." Claimant duly appealed to the Director of the Department of Public Health and Welfare (hereinafter referred to as the Director), a hearing thereafter was conducted by a referee, and upon the record then made the Director "found that claimant is not incapacitated as contemplated by the statute", and affirmed the order removing claimant from the ADC roll. Section 208.080. On subsequent appeal, the circuit court found that claimant "did not have a fair hearing * * * nor a fair determination on the record" and remanded the proceeding for redetermination of the issues by the Director. Section 208.100(5). The Department of Public Health and Welfare (hereinafter called the Department) appeals from that judgment.

Claimant, 57 years of age at the time of hearing in January, 1953, lived in Reynolds County with his wife, seven of their eight children ranging in age from 5 years to 18 years, and a stepson 21 years of age.

1. All statutory references are to RSMo 1949, V.A.M.S. All references to Section 208.040 are to that statute, as amended by House Bill 218 enacted by the 67th General Assembly, Laws of 1953, p. 642; and, all references to Section 208.080 are to that statute, as amended by House Bill 122 enacted by the 66th General Assembly, Laws of 1951, p. 773. That portion of Section 208.040 (not materially changed by the 1953 amendment), pertinent to determination of the instant case, reads as follows: "Aid to dependent children shall be granted on behalf of a dependent child or children and may be granted to a mother or other needy eligible relative caring for a dependent child or children who: * * * (2) Has been deprived of parental support or care by reason of the * * * physical or mental incapacity of a parent, * * * provided, further, that when benefits are claimed on the basis of physical or mental incapacity of a parent, * * * and if the incapacity is not obvious, such incapacity shall be certified to by competent and appropriate authority designated by the division of welfare. Benefits may be granted and continued for this reason only while it is the judgment of the division of welfare that a physical or mental defect, illness or disability exists which prevents the parent from performing any substantially gainful activity".

Claimant said that he had worked "at purt near everything under the sun" in his "younger days" but that he had had had no "regular employment since 1943." According to claimant, he had "what they call * broken down nerves," impaired hearing, continual pain in his neck which "sometimes * hurts so bad it makes my head hurt," "weak bad spells," neuritis and rheumatism. He had lost his right index finger and two joints of his right middle finger in a saw mill accident four or five years before the hearing. Dr. J. R. Pyrtle of Centerville, Missouri, testified that, in his opinion, claimant was not "physically able to hold down a regular job of work that would require manual labor." In short, claimant's evidence substantially supported his contention that he was physically incapacitated for manual labor —the only character of work he was fitted to do.

Three exhibits, all on printed forms, were "made a part of the record" by the referee. One was a *"medical report"* from Dr. R. C. Engelhardt of Poplar Bluff, to whom claimant had been sent by the county director for re-examination. The doctor concluded that claimant had "no disability." Another exhibit was a form *"certification"* from Dr. Engelhardt that "this person does *not* have a physical or mental disability which renders him incapacitated to work in the usual manner at any occupation for which his age, training, experience, or education would fit him." Both the "medical report" and the "certification" were dated July 19, 1952. The third exhibit, dated August 1, 1952, was described as a *"report of the medical review team"* in Jefferson City and is hereinafter referred to as "the medical review team report." The County director, who was the only witness for the Division, testified that he had forwarded the "medical report" of Dr. Engelhardt (together with "some previous medical reports" not in evidence) to the medical review team, which "is made up of two people, a doctor and a welfare worker, who observe and review the medical information submitted to them and * make

a decision on whether sufficient physical incapacity exists to justify public assistance." The medical review team report was captioned "Social Information Summary" and consisted of three sections, i. e., "(A) Identifying Information," "(B) Social Information," and "(C) Certification of Medical Review Team," in precisely the same language as that of Dr. Engelhardt's "certification", that claimant was not physically or mentally incapacitated.

In cases of this character, the circuit court reviews the record to determine whether "a fair hearing and determination of the applicant's eligibility and rights under this law" has been granted by the Director and whether "his decision was arbitrary and unreasonable". Section 208.100(5); Campbell v. State Social Security Commission, 239 Mo.App. 380, 191 S.W.2d 1015, 1017(1); Chapman v. State Social Security Commission, 235 Mo.App. 698, 147 S.W.2d 157, 159(3). But, since judicial review in such cases is of final decisions and findings which are quasi-judicial and affect private rights [Howlett v. State Social Security Commission, 347 Mo. 784, 149 S.W.2d 806, 809(3)] and is in cases in which a hearing by the administrative officer is required by law [Section 208.080(3)], the self-enforcing provisions of the Constitution of Missouri, Article V, Section 22, 2 V.A.M.S., require that such judicial review "shall include the determination whether the same are authorized by law, and * * * are supported by competent and substantial evidence upon the whole record." Consult Scott v. Wheelock Bros., 357 Mo. 480, 209 S.W.2d 149, 150(2); State ex rel. De Weese v. Morris, 359 Mo. 194, 221 S.W.2d 206, 209(3).

If claimant has been accorded "a fair hearing and determination" [Section 208.100(5)] and if the findings and decision of the Director are "supported by competent and substantial evidence upon the whole record" [Const. of Missouri, Art. V, Sec. 22] and are not "arbitrary and unreasonable" [Section 208.100(5)], the

Director's decision must be affirmed; otherwise, the cause should be remanded for redetermination of the issues by the Director. Collins v. Division of Welfare, Mo., 270 S.W.2d 817, 819(2), and cases there cited. In determining whether the Director's decision is supported by substantial evidence, we may consider only the competent evidence favorable thereto, [Bollinger v. State Department of Public Health & Welfare, Mo.App., 254 S.W. 2d 257, 259(3); Linton v. State Department of Public Health & Welfare, Mo. App., 252 S.W.2d 841, 843(4)], and we may not say that the Director's decision was arbitrary and unreasonable merely because we might have reached a contrary conclusion on the same evidence, [Brattin v. State Social Security Commission, Mo. App., 194 S.W.2d 536, 538–539(2); Hardy v. State Social Security Commission, Mo. App., 187 S.W.2d 520, 523(7)].

■ Careful consideration of the record, which we must take as it comes to us, [Bennett v. Wood, Mo., 239 S.W.2d 325, 327 (2)], demonstrates that, in removing claimant from the ADC roll, the Division acted on the medical review team report which, in turn, was based on the medical report and certification of Dr. Engelhardt. The referee, who also served as counsel for the Director at the hearing, stated that "as I understand it, this case was closed on September 4, 1952, because *from a physical examination* it was found that you (claimant) were not incapacitated." When claimant's attorney subsequently asked *whether "this (medical review team) report is based on the examination of Dr. Engelhardt,"* the referee answered *"yes"*; and, an inquiry to the county director *whether "based upon the report of the medical review team, you closed Mr. Ellis' case"* elicited the unequivocal reply *"yes, sir."* At the conclusion of the hearing, the referee said that *"under the law we designate the doctor and go by his statement."*

■ It is now suggested on appeal that, aside from the medical review team report and the medical report and certification of Dr. Engelhardt (hereinafter collec-

tively referred to as the exhibits), "there is substantial evidence to support the finding of the Director." It is true that the county director testified that claimant had "owned a truck and a small saw mill until after the case was closed"; that he had "sold wood to the charcoal plant," "fire wood around Centerville" and "ties to the Moss Tie Company at Glover"; and, that the records of the charcoal plant and the tie company (none of which were produced at the hearing) showed that, during a period of six months ending in June, 1952, claimant had sold "an average of one load of ties and one load of cord wood" each week and had earned about $35 per week. The reception of evidence in such hearings should be governed by the same rules as are followed in the courts [Burley v. State Social Security Commission, 236 Mo.App. 930, 163 S.W.2d 95, 96(5)], particularly so in view of the fact that Rule 30 of the Division filed in the office of the Secretary of State on January 26, 1951 [Section 536.-020(1)] provides that "the rules of evidence as applied to civil cases in the State of Missouri shall be applied." But, there having been no objection to the hearsay and conclusion evidence (other than the three exhibits) offered by the Division in the instant case, such evidence was properly before the Director in the first instance and the reviewing court on appeal, [Burley v. State Social Security Commission, supra], for relevant evidence received without objection may be considered although it would have been excluded upon appropriate objection, [Goodman v. Allen Cab Co., 360 Mo. 1094, 232 S.W.2d 535, 539(4); Crampton v. Osborn, 356 Mo. 125, 201 S.W.2d 336, 340(7), 172 A.L.R. 344; DeMoulin v. Roetheli, 354 Mo. 425, 189 S.W.2d 562, 565(3); Doyle v. St. Louis Merchants' Bridge Terminal R. Co., 326 Mo. 425, 31 S.W.2d 1010, 1012(4), certiorari denied 283 U.S. 820, 51 S.Ct. 345, 75 L.Ed. 1435].

However, the Division's evidence in the instant case (other than the three exhibits) bearing upon claimant's *physical incapacity* [Section 208.040(2)] was "vague and indefinite and very poorly presented and developed", [Brattin v. State Social Security

Commission, supra, 194 S.W.2d loc. cit. 539], and likewise was "scanty and not very informative to this court" [Bare v. State Social Security Commission, Mo. App., 187 S.W.2d 519, 520]—a condition explained, no doubt, by the Division's patent and declared reliance upon the exhibits. It may be conceded that, *if* the exhibits (to the introduction of which claimant's counsel interposed timely objection) were properly for consideration, they would constitute "substantial evidence" that claimant was not physically incapacitated, and that the Director's decision thus would find essential and required support [Const. of Missouri, Art. V, Sec. 22, 2 V.A.M.S.]; but, without the exhibits, the record would not, in our opinion, reflect such "substantial evidence."[2] Accordingly, the instant case turns, as we view it, upon the competency of the exhibits as evidence.

 Neither Dr. Engelhardt nor the members of the medical review team testified either in person or by deposition, and the exhibits, "made a part of the record" when "identified" by the county director, obviously constituted hearsay evidence.[3] "It stands adjudged that hearsay evidence and conclusions based upon hearsay do not qualify as 'competent and substantial evidence upon the whole record' essential to the validity of a final decision, finding, rule or order of an administrative officer or body under § 22, Art. V of the Missouri constitution of 1945." State ex rel. DeWeese v. Morris, supra, 221 S.W.2d loc. cit. 209(5). See also Dittmeier v. Missouri Real Estate Commission, Mo.App., 237 S.W.2d 201, 206(5). The exhibits in the instant case were not offered as "business records"; and, *even if* they could qualify as such under The Uniform Business Records as Evidence Act, [Section 490.670; Melton v. St. Louis Public Service Co., 363 Mo. 474, 251 S.W.2d 663, 669–670(14)]—a ques-

tion which we need not and do not determine—they would not have been admissible under the Act because "the custodian or other qualified witness" did not testify "to (their) identity and the mode of (their) preparation" and there was no showing that they had been made "in the regular course of business, at or near the time of the act, condition or event" which they purported to reflect, [Section 490.680; Gray v. St. Louis-San Francisco Ry. Co., 363 Mo. 864, 254 S.W.2d 577, 579–580]. Likewise, there has been no suggestion that the exhibits are within the exception to the hearsay rule "admitting official reports made by an officer on the basis of his own personal investigation and knowledge, at least when required by statute, ordinance, rule or regulation." Snider v. Wimberly, 357 Mo. 491, 209 S.W.2d 239, 241(1). Compare Kansas City Stock Yards Co. v. A. Reich & Sons, Mo., 250 S.W.2d 692, 700 (19).

 However, the Department insists that, since the legislature provided "that when benefits are claimed on the basis of physical or mental incapacity of a parent, * * * and if the incapacity is not obvious, *such incapacity shall be certified to by competent and appropriate authority designated by the division of welfare*" [Section 208.040(2)], it could "base its finding of (physical) capacity upon the certification of a medical authority designated by the Department." Predicated on the idea that neither the Division in the first instance nor the Director on appeal may make a finding of physical or mental incapacity unless and until "such incapacity shall be certified to by competent and appropriate authority designated by the division," the Department's brief seems to assume that the "certification" of such "authority" constitutes not only "competent" [Const. of Missouri, Art. V, Sec. 22] but

2. For a comprehensive discussion of the meaning of the term "substantial evidence," consult Davis v. State Department of Public Health & Welfare, Mo. App., 274 S.W.2d 615 and cases there cited.

3. "Hearsay has been defined as evidence

which derives its value, not solely from the credit to be given to the witness upon the stand, but in part from the veracity and competency of some other person." 20 Am.Jur. 400, Sec. 451; Cottonseed Delinting Corporation v. Roberts Brothers, Inc., Mo., 218 S.W.2d 592, 594 (5).

also conclusive evidence on the basic question of incapacity. As the Department emphasizes, ADC is a gratuity of the sovereign and a creature of the statutes, which may be granted by the legislature upon such reasonable conditions as it may deem proper, and any argument as to the wisdom of imposition of such conditions should be addressed to the legislature and not to the courts. Howlett v. State Social Security Commission, supra, 149 S.W.2d loc. cit. 812(16); Campbell v. State Social Security Commission, supra, 191 S.W.2d loc. cit. 1018(5); Hardy v. State Social Security Commission, supra, 187 S.W.2d loc. cit. 523(3); Smith v. State Social Security Commission, Mo.App., 153 S.W.2d 741, 743(2). But, our problem is *not* one as to the wisdom of imposing a condition but rather one of proper interpretation of Section 208.040(2) to determine the nature, scope and effect of the condition thereby imposed.

It should be borne in mind that the Division of Welfare is but one of the three divisions of the Department of Public Health and Welfare [Sections 191.010 and 191.-060]; that it is the function and duty of the *Division* to administer all state laws and plans concerning social welfare [Section 207.010] and to determine *initially* the eligibility of each applicant for public assistance [Sections 208.010 and 208.060]; and, that Section 208.040(2) provides for certification of physical or mental incapacity "by competent and appropriate authority designated by the *division of welfare.*" The *Department's* contention that Section 208.-040(2) allows "the *Department* to base its finding of capacity upon the certification of a medical authority designated by the *Department*" evidences a conspicuous and unjustified failure to differentiate (1) between the *Division,* charged with the duty of determining *initially* whether ADC should be granted and continued, and the *Director of the Department,* charged with the duty of according "a fair hearing" *on appeal* [Section 208.080(3)], and (2) *between the validity of a requirement that physical incapacity be certified as a condition to an administrative finding by the Division "when benefits are claimed"* [Section 208.040(2)], *and*

the competency of a *certification* as evidence of physical capacity when offered on appeal at "a fair hearing" *where "the rules of evidence as applied to civil cases * * * shall be applied."*

To construe Section 208.040(2) as permitting the *Director of the Department on appeal* "to base (his) finding of capacity" upon hearsay certification by an "authority designated by the division" not only would, as the Director's counsel concedes in a masterful understatement, "restrict cross-examination by the claimant" but also might, as forcefully illustrated in the instant case, result in *utter deprivation* and *complete denial* of the fundamental right of cross-examination guaranteed by the hearsay rule. Wigmore on Evidence (3rd Ed.), Vol. V, Sec. 1362, pp. 3–7; State ex rel. DeWeese v. Morris, supra, 221 S.W. loc. cit. 209(6); Bartlett v. Kansas City Public Service Co., 349 Mo. 13, 160 S.W.2d 740, 742(3, 4), 142 A.L.R. 666. And, if we were to agree with the Director that Section 208.040(2) thus purports, in effect, to qualify hearsay evidence and conclusions based upon hearsay as satisfying the constitutional requirement that a final decision of the Director must be supported by "competent and substantial evidence" [Const. of Missouri, Art. V, Sec. 22], we would do violence to the fundamental rule that, if it is reasonably possible so to do, a legislative enactment should be construed so as to render it constitutional and avoid the effect of unconstitutionality, [State ex rel. Columbia Telephone Co. v. Atkinson, 271 Mo. 28, 195 S.W. 741, 745–746(8); State ex inf. McKittrick v. American Colony Ins. Co., 336 Mo. 406, 80 S.W.2d 876, 882–883(5); State ex rel. McDowell, Inc., v. Smith, 334 Mo. 653, 67 S.W.2d 50, 56(7); State ex rel. Carpenter v. City of St. Louis, 318 Mo. 870, 2 S.W.2d 713, 724(17); Neil v. Independent Realty Co., 317 Mo. 1235, 298 S.W. 363, 371(10), 70 A.L.R. 550; Bess v. Citizens' Telephone Co., 315 Mo. 1056, 287 S.W. 466, 470–471(13)], and we would ignore with contemptuous disregard the time-honored presumptions that, in enacting legislation, the general assembly was familiar with, and had in mind, pertinent and relevant constitutional provisions, [Baerveldt &

Honig Const. Co. v. Dye Candy Co., Inc., 357 Mo. 1072, 212 S.W.2d 65, 67—compare Howlett v. State Social Security Commission, supra, 149 S.W.2d loc. cit. 811, 812 (11); Smith v. Pettis County, 345 Mo. 839, 136 S.W.2d 282, 287(10)], that it acted with integrity and with a desire and intention to keep within constitutional limits, [State ex rel. Randolph County v. Walden, 357 Mo. 167, 206 S.W.2d 979, 985(11); In re Graves, 325 Mo. 888, 30 S.W.2d 149, 152 (5); State ex rel. Buchanan County Power Transmission Co. v. Baker, 320 Mo. 1146, 9 S.W.2d 589, 592–593(6); Wagner v. Western Union Telegraph Co., 152 Mo. App. 369, 133 S.W. 91, 92(2)], and that it intended every part of the law to have effect and be operative, [State ex rel. St. Louis Die Casting Corp. v. Morris, 358 Mo. 1170, 219 S.W.2d 359, 362(5)].

And, to construe Section 208.040(2) as purporting to permit a hearsay certification to become conclusive evidence of the ultimate and, for that matter, the only issue, i. e., the question of physical or mental incapacity, would convert the "fair hearing" on appeal, wisely vouchsafed by statute, into an empty, meaningless, absurd and farcical exercise in futility and thereby would violate the principle that the law favors a statutory construction which harmonizes with reason and tends to avoid an unjust, absurd or unreasonable result. Laclede Gas Co. v. City of St. Louis, 363 Mo. 842, 253 S.W.2d 832, 835(3), and cases there cited. Furthermore, any such construction would ascribe to the general assembly a willingness and intention to enact a statute violative, in application and effect, of the settled doctrine that it is clearly beyond the legislative power to prescribe what shall be *conclusive* evidence of any fact. City of St. Louis v. Cook, 359 Mo. 270, 221 S.W.2d 468, 470(3); O'Donnell v. Wells, 323 Mo. 1170, 21 S.W.2d 762, 766 (9); Findley-Kehl Inv. Co. v. O'Connor, Mo., 256 S.W. 798, 800(1); State ex rel. Columbia Telephone Co. v. Atkinson, supra, 195 S.W. loc. cit. 745(7).

Reading the pertinent constitutional and statutory provisions with a view to harmonizing them, giving effect to every portion thereof, and construing Section 208.040(2) so as to avoid the effect of unconstitutionality, we are constrained to conclude that the provision that "when benefits are claimed on the basis of physical or mental incapacity of a parent, * * * such incapacity shall be certified to by competent and appropriate authority designated by the division of welfare" was intended to require such certification as a condition to a finding of eligibility *by the Division only;* that the quoted provision is applicable *only* to administrative determination by the Division without hearing; and, that it does not have the effect of elevating hearsay evidence, such as the exhibits in the instant case, to the status of "competent and substantial evidence" required to support the final decision of the *Director of the Department after "a fair hearing" on appeal.* It necessarily follows that, since claimant's counsel made timely objection to the exhibits in the instant case, they were not properly for consideration either by the Director or by the reviewing court; and that, since exclusion of the exhibits leaves the Director's decision unsupported "by competent and substantial evidence upon the whole record" [Const. of Missouri, Art. V, Sec. 22], such decision was "arbitrary and unreasonable" and the cause should be remanded "for redetermination of the issues by said director." [Section 208.100(5).]

Although the learned circuit judge reached a proper result, his judgment erroneously suggests that, where a claimant's evidence is not controverted, it "must be accepted as true." "Undeniably * * * any * * * fact finding administrative agency, passes upon the credibility of the witnesses and may decide a claim solely upon a finding of lack of credibility of uncontradicted and unimpeached testimony offered in support of the claim." Scott v. Wheelock Bros., 357 Mo. 480, 209 S.W.2d 149, 151(3). See also State ex rel. Rice v. Public Service Commission, 359 Mo. 109, 220 S.W.2d 61, 65(9, 10); Foster v. Carter Carburetor Corp., Mo.App., 264 S.W.2d 904, 909(2); Powers v. Universal Atlas Cement Co., Mo.App., 261 S.W.2d 512, 519(10); Veal v. Leimkuehler, Mo.App., 249 S.W.2d 491, 496(9), certiorari denied 344 U.S. 913, 73 S.Ct. 336, 97 L.Ed. 704.

However, our Supreme Court has refused to sustain the finding of an administrative agency by application of the quoted principle, where the finding "was not upon the stated ground of the lack of credibility of claimant's witnesses" and "the whole record itself discloses no competent evidence of necessity involving the credibility of the witnesses", Sanderson v. Producers Commission Ass'n, 360 Mo. 571, 229 S.W. 2d 563, 566; and where, as here, there has been no finding of facts by the administrative officer before whom the witnesses appeared, i. e., by the referee, and the determination of the fact-finding agency has been on the same transcript as is presented on appeal, the reviewing court has the same opportunity to pass upon the weight and effect of the evidence, Wood v. Wagner Electric Corporation, 355 Mo. 670, 197 S.W.2d 647, 652.

The judgment of the circuit court is affirmed as to result only, and the cause is remanded to the Director of the Department of Public Health and Welfare for redetermination of the issues.

McDOWELL, P. J., and RUARK, J., concur.