# MARCH, 1930.

LAURA RASOR, MOTHER AND DEPENDENT OF WILLIS WHEELER RASOR, DECEASED, EMPLOYEE, APPELLANT, v. MARSHALL HALL GRAIN CORPORATION, EMPLOYER, and OCEAN ACCIDENT AND GUARANTEE CORPORATION, INSURER, RESPONDENTS.*—25 S. W. (2d) 506.

St. Louis Court of Appeals. Opinion filed March 11, 1930.

*Corpus Juris-Cyc. References: Workmen's Compensation Acts, —CJ, section 51, p. 61, n. 77.

*Mason, Altman, Goodman & Flynn* for appellant.

*Jones, Hocker, Sullivan & Angert* and *W. A. McCaleb* for respondents.

NIPPER, J.—The claimant in this case is the mother of Willis Wheeler Rasor, deceased, who was killed on August 22, 1927, while in the employ of defendant, Marshall Hall Grain Corporation, which was insured by the Ocean Accident Guarantee Corporation. The mother filed her claim before the Missouri Workmen's Compensation Commission on November 11, 1927. The defendants admitted all the statements in the claim for compensation except that they deny that claimant was dependent upon her son for support.

The claimant is a widow sixty years of age, and had been a widow for about sixteen years prior to the death of her son. She resided about ten miles from Mountain Grove, Missouri, on a farm owned by a resident of Kansas. The circumstances under which she and her son obtained possession of the place where she lived, as related by her, is about as follows: The first year they were to give one-third of the crop, but the place did not produce enough to pay them to cultivate it, and her son went away to work. The owner of the property was informed by the claimant and her son that it would not be rented any more as it did not raise enough to pay them to cultivate it. The owner then told them to stay on the place until he told them to move, and that they would not have to raise any crop or pay any rent. The deceased was her only son and was never married, and therefore had no children. In May, 1926, the deceased came to St. Louis and worked for a while, and from May to August of that year contributed $72.50 to the support of his mother, and from August to December he sent her about $45. He went home at Christmas time, and had with him about $45 which he gave to his mother to take care of the expenses of the home. He stayed at home during the first part of 1927, and while at home he purchased hay for the stock on the farm, and in May, 1927, he again came to St. Louis where he secured employment, and from May, 1927, up until the time of his death he contributed about $75. When he was at home from December, 1926, to May, 1927, he worked for various people in the community and earned $43.50 which he contributed to his mother. During the winter and spring months when he was home he looked after what little live stock was on the place and prepared the soil for his mother's garden. From May, 1926, until the time of his death he had given her about $317.50. Of this amount $25 was sent her to pay a note for money which he had borrowed at the bank for their joint support, and $30 was delivered to a sister to send to his mother just a few days prior to the deceased's death. The mother had the income from three cows and some chickens, although the cows and chickens were purchased and owned by the deceased. He also bought and paid for the feed which they used. In 1927 they butchered two hogs, but the

brood hogs from which these two were raised were bought by her son. Her income from the cows and chickens owned by her son amounted to about $12 a month. This income from the son's property, together with the amount he sent her, was her total income and sole source of livelihood, with the exception of some vegetables which she raised in the garden. She paid no rent for the farm. Her grocery bill amounted to about $6 per month when her son was at home, and was less when he was away.

The commission found upon this evidence that the claimant was only a partial dependent, and awarded her a compensation of $6 per week for a total of two hundred weeks. The circuit court affirmed this judgment and the claimant has appealed.

The sole question presented here by this record is whether or not, on the conceded facts, plaintiff was a total or partial dependent within the meaning of the Workmen's Compensation Act of Missouri. In order to determine this question we must refer to several provisions of the act. To sustain the action of the trial court the respondents rely upon section 21 (d), which provides as follows:

"The word 'dependent' as used in this act shall be construed to mean a relative by blood or marriage of a deceased employee, who is actually dependent for support, in whole or in part, upon his wages at the time of the injury."

. Immediately following the above provision, the law sets out and enumerates those who are conclusively presumed to be totally dependent. The claimant does not come within the class who are conclusively presumed to be totally dependent, but the law provides that in all other cases questions of total or partial dependency shall be determined in accordance with the facts at the time of the injury.

Immediately preceding the portion of the law above quoted, it provides that the employer shall pay to the total dependents a total death benefit based upon the employee's average weekly earnings during the year preceding the injury.

It is urged by respondent that it is apparent from the language of the act above quoted that the Legislature intended for the commission to determine the question of *dependency* solely upon the basis of contributions made from the wages of a deceased employee. We do not agree with this contention in its entirety. We think that it is apparent from the language used that the Legislature intended for the commission to determine the *amount due* a dependent solely upon the basis of the wages received by a deceased employee. Before one can be a dependent he or she must be a relative by blood or marriage of a deceased employee, who is dependent for support, in whole or in part, upon the employee's wages, but this does not mean that in order that a dependent may be a total dependent that he or she must be wholly dependent upon the *wages* of the deceased. In order to be a dependent you must be an actual dependent, in whole or in

part, upon the wages. You cannot be exclusively dependent upon some other source of income and recover as a dependent, but the part of the statute above quoted does not mean, in our opinion, that you must be dependent upon wages exclusively for your support before you can be a total dependent, because under the provisions of the act the question of dependency in a case of this kind is a question of fact. To support the contention that claimant is only a partial dependent respondents rely upon such cases as In re Derinza, 118 N. E. 942, and Blozina v. Castile Mining Co., 178 N. W. 57. The Derinza case was decided by the Supreme Court of Massachusetts. That case is authority for respondents' contention because the Workmen's Compensation Law of the State of Massachusetts provides that the insurer shall pay to the dependents of the employee "wholly dependent upon his earnings for support," etc. Our statute in providing the manner and method of computing the amount the claimant is entitled to receive, merely provides that the employer shall pay to the total dependents a total death benefit based upon his weekly earnings during the year preceding his injury, and does not say that the dependents shall be wholly dependent upon the "earnings" of the deceased for support.

In that respect the law of Massachusetts differs from our own. The same may be said with respect to the second case cited, an opinion by the Supreme Court of Michigan. The laws of Michigan in providing the method of computation of the amount which a claimant may receive, provides that the employer shall pay a certain amount to the dependents who are wholly dependent upon the "earnings" of the deceased at the time of the injury. There is nothing in our statute which would authorize the construction which the trial court placed upon it. We have no criticism to offer the decisions of the courts of Massachusetts or of Michigan, for these opinions are based upon statutes entirely different from our own.

In State ex rel. Crookston Lumber Co. v. District Court, the Supreme Court of Minnesota had before it a somewhat similar situation to what we have. By the terms of the Workmen's Compensation Act of that State it is provided that certain persons who were wholly supported by the deceased at the time of his death, and for a reasonable time prior thereto, shall be considered as actual dependents. Actual dependents are, of course, dependents in fact. Before claimant can be a dependent in any sense, she must be dependent to some extent upon the wages of deceased at the time of the injury, but this does not mean that she must be wholly dependent upon his wages in order to be a total dependent within the meaning of the law.

The house in which she lived and the little farm were evidently of so little value that its owner did not care to charge rent therefor. The cows were purchased by the deceased, and this was also true with respect to the chickens. We cannot conceive of a case where the ques-

258

tion of total dependency was more clearly shown than in this one. The claimant had no income of any substantial value aside from that which she received directly or indirectly from the deceased. She did not own any property, and did not have any relatives from whom she received a single cent, gratuitous or otherwise, except that which she received from her son, the substantial portion of which consisted of that part of his wages which he contributed to her support. She was, therefore, a total dependent within the meaning of the law. [Janesville Sand & Gravel Co. v. Industrial Commission, 222 N. W. 317; Blue Diamond Coal Co. v. Frazier, 17 S. W. (2d) 406.]

The judgment is accordingly reversed and the cause remanded, with directions to the trial court to ascertain the amount due, in accordance with the views expressed herein, and enter judgment therefor. *Haid, P. J.,* and *Becker, J.,* concur.