MYRTLE SCOTT, Appellant, v. WHEELOCK BROTHERS, INC., Employer, and CASUALTY RECIPROCAL EXCHANGE, Insurer.—No. 40135.—209 S. W. (2d) 149.

Court en Banc, March 8, 1948.

*Russell Mallett* and *Norman, Foulke & Warten* for appellant.

*Watson, Ess, Barnett, Whittaker & Marshall* and *Douglas Stripp* for respondents.

482

[black redacted box]

[149] BARRETT, C.—On March 20th, 1945, Ira Langford, age twenty-five, died as the result of injuries arising out of and in the course of his employment as a truck driver for Wheelock Brothers. His mother, Myrtle Scott, claiming [150] to have been totally dependent upon him for support filed this claim for compensation and death benefits in the sum of $12,000. The referee found that the "employee had no dependents" and made an award against the employer and insurer of $500.00 to be paid to the Second Injury Fund. Mo. R. S. A., Sec. 3707, Laws Mo. 1945, p. 1998. On Mrs. Scott's claim the referee found in favor of the employer and insurer and against the claimant and made this specific finding: "I find from all the evidence that the alleged dependent and claimant herein failed to prove that she was in fact a dependent of the deceased employee, and, therefore, compensation must be and is hereby denied." In affirming the referee's award, upon review, the full Commission made this specific finding: "We find from the evidence that claimant failed to prove that she was in fact a dependent of the deceased employee, therefore, compensation must be and is hereby denied." The award was affirmed by the Circuit Court of Jackson County and Mrs. Scott appeals.

At the outset we are faced with the appellant's claim that the validity of the commission's award and the merits of this appeal are to be tested and determined by the Administrative Review Act (Mo. R. S. A., Secs. 1140.101-1140.110, Laws Mo. 1945, p. 1504) and Section 22, Article V of the Constitution of Missouri, 1945. The respondents contend, since the final award was made on April 15, 1946 and the Administrative Review Act did not become effective until July 1, 1946, that it can have no application to this award and appeal. But, in any event, the Administrative Review Act is

not applicable to this appeal. At the time that act was passed the Workmen's Compensation Law not only prescribed the procedure to be followed by the Commission but also provided for judicial review of its decisions. Mo. R. S. A., Secs. 3722-3747. And, Section 10 of the Administrative Review Act applies to the decisions of all administrative agencies *"unless some other provisions for judicial review is provided by statute."* Senate Bill 196 (the Administrative Review Act) was specifically amended by the addition of the italicized clause (Senate Journal, 63rd General Assembly, 1945, Vol. II, p. 1998) and plainly, thereby, it was not intended that this provision of the act should apply to the review of decisions of the Workmen's Compensation Commission. Section 22 of Article V of the Constitution, providing for judicial review of the decisions of all administrative bodies, is self-enforcing, however, and the case on appeal is to be determined in the light of Section 3732 of the compensation law (as it has been specifically amended to conform to the requirements of the 1945 Constitution by Laws of Missouri 1945, p. 1996) and as that law has been broadened by the self-enforcing requirement of the Constitution to include a determination of whether the award is "supported by competent and substantial evidence upon the whole record." Const. Mo., Art. V, Sec. 22; Seabaugh's Dependents v. Garver Lumber Mfg. Co., 355 Mo. 1153, 200 S. W. (2d) 55; Wood v. Wagner Electric Corporation, 355 Mo. 670, 197 S. W. (2d) 647. The technical sufficiency and validity of the Commission's award will appear hereinafter.

In this connection it is the appellant's position that there is not competent and substantial evidence upon the whole record to support the award denying compensation. The respondents contend, in the circumstances of this case, that the award may not be reviewed upon the whole record to determine whether it is supported by competent and substantial evidence. It is argued, when an award is against the party having the burden of proof, that the award need not be supported by any evidence because such an award is based upon a finding against the credibility of the witnesses testifying to the fact, here dependency. The essence of the respondents' argument is this: "appellant's evidence in this case was mostly in the form of oral testimony by witnesses who were seen and heard only by the Referee. None of the documentary evidence offered by her was of a character which compelled acceptance. The referee who heard and saw the witnesses was not persuaded by them and he found against her on the ground of failure to prove her case. The full Commission did likewise. Under such circumstances we think it is clear that on this appeal there can be no question whether the award is or is not [151] supported by evidence. By its very nature this award denying compensation on the ground of failure to prove dependency is one which requires no evidentiary support, but rests upon the lack of

evidence found credible by the triers of the facts." In short, when there is an award denying compensation, the respondents seek to apply the often repeated rule of Cluck v. Abe, 328 Mo. 81, 84, 40 S. W. (2d) 558, 559, that a defendant in a jury tried case is entitled to have the jury pass upon the credibility of the plaintiff's unimpeached, uncontradicted testimony, even though the defendant offers no testimony, and return a verdict for the defendant, conclusive on appeal, upon a finding that it did not believe the plaintiff's witnesses, the finding being evidenced by the verdict and the trial court's ruling on motion for new trial.

Undeniably the Workmen's Compensation Commission, or for that matter any other fact finding administrative agency, passes upon the credibility of the witnesses and may decide a claim solely upon a finding of lack of credibility of uncontradicted and unimpeached testimony offered in support of the claim. Such a rule has been announced in several compensation cases. For example in Carnahan v. Kurn, (Mo. App.), 113 S. W. (2d) 824, 1. c. 827 the court said: "However, if there was no evidence at all introduced by employer and insurer in a contested case, where issue was joined, the commission would have the right, under the powers given it by the statutes, to deny compensation to the claimant, even though the evidence of the claimant, if believed, would entitle her to an award." It should be carefully noted, however, that this statement by the court was not necessary to a decision of that case because, as the court pointed out, the evidence in support of the claim was not uncontradicted. Not only was the evidence conflicting but the commission found as a fact "from the evidence that the employee's death was not the result of an accident as alleged on June 17, 1935," and the appellate court examined the record and found substantial evidence in support of the commission's finding. So it was in McCoy v. Simpson, 346 Mo. 72, 139 S. W. (2d) 950, where the credibility rule is again repeated, the award was in favor of the employee, the court examined the record and found the evidence conflicting and substantial in support of the finding.

In connection with the theory of deciding compensation cases solely on a finding of lack of credibility of the claimant's witnesses a further line of compensation cases should be noted. For example in Palm v. Southwest Missouri Wholesale Liquor Co., (Mo. App.), 176 S. W. (2d) 528, the commission found "from all the evidence that the claimant herein failed to prove that deceased, Pete William Palm, died as the result of an accident arising out of and in the course of his employment." The appellate court examined the record and found that there was no conflict or contradiction in the evidence as the employer claimed and said, 1. c. 532:

"It is true that the Commission, in a compensation case, is the judge of the credibility of witnesses, but the rule does not authorize

the Commission to arbitrarily disregard and ignore 'competent, substantial, and undisputed testimony of witnesses who are not shown by the record to have been impeached, and to base their findings upon conjecture or their own mere opinion unsupported by sufficient competent evidence.' . . . It is therefore our conclusion, and we so hold, that the compensation commission was not authorized to reject and disregard any and all the parol testimony merely because it was denied by deceased's employer in its answer to the claim filed.''

This rule was applied in Stepaneck v. Mark Twain Hotel, (Mo. App.) 104 S. W. (2d) 761, 766, an Holliday v. Walls, (Mo. App.) 64 S. W. (2d) 318. The rule is recognized in McCoy v. Simpson, supra, though it is qualified by this statement: ''But, while the Commission can not disregard competent substantial testimony, it is not compelled to accept it as true.''

This is not to say when or how the Commission may or does decide a claim solely upon a finding of the lack of credibility of the witnesses. We have been unable to find a case in which an administrative agency's award was based upon a finding [152] of lack of credibility of the claimant's undisputed, unimpeached testimony. In Webster v. Boyle-Pryor Const. Co., (Mo. App.) 144 S. W. (2d) 828, the commission found ''from the evidence that claimant, Elsie Webster, was not a dependent'' and the court approved the award, apparently upon the ground that the finding as to at least one decisive fact could have been upon the lack of credibility of undisputed testimony to the fact. However, in that case the claimant, admittedly, had been guilty of adultery, a fact which the court said reflected upon her credibility and she was, therefore, impeached.

But, the fundamental difficulty with the respondents' ingenious argument is that it is based upon a fallacy. The argument assumes that the finding in this case, ''We find from the evidence that claimant failed to prove that she was in fact a dependent'' is in point of fact a finding of lack of credibility of the claimant's testimony or as they say ''rests upon the lack of evidence found credible by the triers of the facts.'' The award in point of fact, however, is based upon a finding of the ultimate facts from a consideration of all the evidence. It may be here noted that such a finding of the ultimate facts is all that is necessary, at least in the absence of a request by either party for further findings by the Commission if the reasons for its conclusion are in doubt or it is thought that the findings should be amplified for any reason. Mo. R. S. A., Sec. 3729; Leilich v. Chevrolet Motor Co., 328 Mo. 112, 120, 40 S. W. (2d) 601, 604; State ex rel. Probst v. Haid, 328 Mo. 390, 398, 62 S. W. (2d) 869, 873. The finding, therefore, was one of fact. The leading case is Doughton v. Marland Refining Co., 331 Mo. 280, 53 S. W. (2d) 236. There an award of no compensation was based upon the finding by a referee ''that dependent failed to prove that Lewis Doughton died

as a result of injuries alleged to have been received . . . while he was in the course of his employment . . . '' Upon appeal it was contended that the award was a finding that the claimant had failed to make out a prima facie case. But the court said: ''For reasons which will hereinafter appear we consider the award as based upon a finding of the facts against the claimant on the evidence and the decisive question is whether or not there was sufficient competent evidence to warrant making the award.'' In amplification of this view of the finding the court said: ''We think it was intended to and does constitute a finding for the employer and against the claimant on the whole evidence with an award based on such finding. . . . In practice the Commission does not sustain demurrers to complainants' evidence. It hears all the evidence either party may have to offer and bases its findings and award upon the whole evidence, which of course requires determination of the weight and credibility of conflicting evidence, the drawing of permissible inferences from proved facts, etc., as would be done by a jury in determining the facts.'' In Wright v. Penrod, Jurden & Clark Co., 229 Mo. App. 1147, 88 S. W. (2d) 411, the award on review said: ''We find from the evidence that the dependent has failed to prove that the employee's death was the result of an accident as alleged on June 17th, 1933.'' The court said, 88 S. W. (2d), 1. c. 413: ''It will be noticed that the commission's finding, upon which the award of no compensation was based, was of the ultimate fact that, under the evidence, the plaintiff had failed to prove that the employee's death was the result of the accident as alleged in the complaint. In other words, it found that, from a consideration of the entire evidence, the employee's death was not shown to be the result of an accident; and it denied compensation. . . . Such a finding does not amount merely to a ruling that the complainant (the plaintiff) did not make out a prima facie case; but, upon the other hand, it constitutes a finding for the employer and against the claimant on the whole evidence with an award based on such finding.''

This, we think, is the explanation of the cases upon which the respondents rely and the cases we have cited in the preceding paragraphs. It is true that in Kemmerling v. Koch Erecting Co., 338 Mo. 252, 89 S. W. (2d) 674, where dependency was the issue that the court said: ''An award of no compensation may be made in such cases [153] for a lack of evidence to establish dependency, while an award of compensation must be supported by substantial evidence.'' But the claimant's evidence in that case was not uncontradicted and contrary inferences were permissible from the claimant's evidence. Furthermore, while it does not appear from the opinion, the finding of the full commission in that case was: ''We find from the evidence that the alleged dependents were not actually dependent for support, in whole or in part, upon the wages of Henry Kemmerling at the time

of his injury and death." This, as we have pointed out, was a finding of fact upon a consideration of all the evidence and not a finding based solely upon a lack of belief of the claimant's witnesses.

Ashwell v. United States Seed Co., (Mo. App.), 167 S. W. (2d) 950 is a case precisely in point and particularly applicable to this case and to the arguments of both the respondents and the appellant. In that case there was no testimony to the claim of dependency other than from the claimants' witnesses and, while the finding is not set out in the opinion, the Commission found against the claimants. The Circuit Court, upon review, reversed the Commission and upon appeal the claimants argued that the facts were undisputed, that there was no contradictory evidence and, hence, it was but a question of law under the claimants' uncontradicted evidence whether they were dependents of the deceased employee. But the findings were treated as being of fact upon all the evidence and the court said: "It frequently happens that there is no testimony in a case other than that of the plaintiff or claimant himself, but if from that testimony two different conclusions or inferences may be drawn as to the ultimate fact at issue, each of such conclusions or inferences being consistent with the testimony, and each inconsistent with the other, it remains for the triers of the facts to determine the issue and draw the inference and it does not become a question of law." And consequently the finding here being one of fact and not an award upon a finding of lack of credibility of the claimant's witnesses, the meritorious question upon this appeal is whether the Commission's decision is "supported by competent and substantial evidence upon the whole record." Sec. 22, Art. V, Const. Mo. That is, deferring to findings which of necessity involve the credibility of witnesses, determine whether the Commission could reasonably have made its findings from a consideration of all the competent evidence and set the award aside if it is clearly contrary to the overwhelming weight of the evidence. Seabaugh's Dependents v. Garver Lumber Mfg. Co., supra; Wood v. Wagner Electric Corporation, supra.

At the time of the hearing Mrs. Scott was fifty-four years old and had been a widow for eight years. She testified that for more than two years she had not earned any money or had any income other than what she had received from her son, Ira. She testified that she had been solely dependent upon Ira for her support and that he had contributed throughout the time ten to fifteen dollars a week to her support. She said that she had not earned any money or had any other source of support than Ira since she had been on W. P. A. in 1942. In all this she was corroborated by the testimony of her daughters.

Mrs. Scott had four daughters and two sons, Ira and Calvin. In 1943 Calvin was in the army three months and she drew two allotment checks by reason of his service. Ira was in the army from July

1942 to July 1943 and during that time she got an allotment from his service in the army. For about one and one half years prior to the hearing Mrs. Scott lived at 704½ Broadway and during that time at least two of the daughters lived at that address. The daughters received fifty dollars a month from soldier husbands. But they testified, even though their mother was often in need, that they did not contribute to her support in any manner. She and the daughters testified that the six rooms at 704½ Broadway were treated as two apartments and that she occupied the three back rooms as a separate apartment and the daughters the front rooms as a separate apartment, each separately paying her own rent. They testified that all [154] food was separately purchased, prepared and served—not even a cup of coffee being shared on any occasion. Mrs. Scott and Calvin, who was in jail at the time of the hearing, testified that he did not and had not contributed to her support. When Calvin or Ira came home they were guests of the daughters and not of Mrs. Scott. This is but a bare outline of the claimant's evidence but it is enough for the purposes of this opinion to say that her detailed evidence was, in general, corroborative of her claim of total dependency upon Ira.

She contends, as appellant, that she was related by blood to Ira, his mother, and that the evidence demonstrates her total dependency upon him and, therefore, she has met the requirements of the statute and is entitled to an award. Mo. R. S. A., Sec. 3709. She insists that, taking the record as a whole, any reasonable person must come to the conclusion that she was receiving contributions from Ira at the time of his death and that any other finding is directly contrary to the evidence and cannot stand. In short, she contends that the finding against dependency is not supported by competent and substantial evidence upon the whole record and should therefore be reversed. There is no disagreement between the parties as to the law relating to dependency in general and it may be conceded that the Commission could have found for Mrs. Scott and had it done so such a finding would have been supported by competent and substantial evidence upon the whole record. Phillips v. Air Reduction Sales Co., 337 Mo. 587, 85 S. W. (2d) 551; Shaffer v. Williams Bros., 226 Mo. App. 635, 44 S. W. (2d) 185; Rasor v. Marshall Hall Grain Corp., 224 Mo. App. 253, 25 S. W. (2d) 506.

But the finding was of fact and there was circumstantial evidence (Lanahan v. Hydraulic-Press Brick Co., (Mo. App.), 55 S. W. (2d) 327, 331) upon the whole record, if not direct evidence, from which the Commission could find that the appellant was not dependent upon Ira for support and we cannot say that that evidence and that finding is so clearly contrary to the overwhelming weight of the evidence that we should set it aside as the court did in Wood v. Wagner Electric Corp. and Seabaugh's Dependents v. Garver Lumber Mfg. Co., supra. Disregarding, for present purposes, that part of the

respondents' evidence which the appellant claims was incompetent or inadmissible there are two circumstances, shown by competent evidence, which constitute substantial evidence upon the whole record in support of the finding.

As we have said, Ira got out of the army in July 1943. He died in March 1945 and had worked for Wheelock Brothers but fifteen days, earning $108.73, when he was fatally injured. During the intervening eighteen months Mrs. Scott showed that Ira earned $850.00. The inference from her testimony was that he earned other sums but she definitely established that amount. After he returned to Joplin from the army he worked for the Kansas City Supply Company, a retail market in Joplin. Mrs. Scott said that he worked two or three months for that company. Then he did some odd job truck driving for Mr. Chew. She says he next worked for the Oronogo Mining Company a while and that in November 1943 he went to Buffalo, Kansas and stayed there two or three months. Next, she says, he went to Wichita where he worked for a farmer for a while and returned to Joplin in January or February 1944. He stayed two weeks in Joplin and then went to California where he was employed in the Mare Island Navy Yard until May 1944. In June 1944 he worked for the Security Manufacturing Company in Joplin, then for the Missouri Chemical Company and a day or so for Eagle Picher Lead Company. In September and October 1944 he was employed by Pratt and Whitney in Kansas City and in October and November 1944 he again worked for the Oronogo Mining Company near Joplin. Then, about December 10th, 1944, he returned to California and was again employed at the Mare Island Navy Yard, probably until December 31st, 1944. In addition, in the meantime, Mrs. Scott says he worked for a filling station and for Patton & Boyd in Joplin. But in February 1945 Ira was in Kansas City again and applied for employment, which he did not accept, with the Kansas City Public Service Company. [155] About the first of March he was employed by the respondent-Wheelock Brothers. On at least one of the trips to Kansas City Ira took Peggy Childers along and she was probably with him in Kansas once. Even though it be assumed that Ira earned much more than $850.00 in the year and a half preceding his death the Commission could reasonably draw the inference from these circumstances that he could not have contributed ten to fifteen dollars a week to his mother's support. In contrasting these circumstances with Mrs. Scott's testimony the Commission could draw the contrary inference that she was not in fact dependent upon Ira.

Aside from the two allotment checks from Calvin's service in the army and any sum she may have received by reason of Calvin's having been in a C. C. Camp there was a further circumstance, the validity of which depended solely on credibility, which together with other circumstances supports a finding against Mrs. Scott's depen-

dency on Ira. Mr. Greer, a lawyer and justice of the peace, testified that in September 1942 Mrs. Scott came to his office and caused him to prepare an affidavit of dependency for an allotment under the Servicemen's Dependency Allowance Act. The affidavit stated that Mrs. Scott had been employed during the preceding year and had earned twenty-five dollars a month. In the affidavit she stated that in the preceding year Ira had contributed $40.00 to her support and she asked for an allowance on account of Ira's service. She stated that she received the remainder of her income "also from other son Calvin now in the State of California." It developed that Mrs. Scott and one of her daughters had caused the justice to fill out other affidavits concerning dependency but none of the affidavits was used and Mrs. Scott said that Mr. Greer had incorrectly filled out the one stating that she was also dependent on Calvin as well as on Ira.

We have selected these two circumstances, the competency of which is incontestible, to illustrate not only that the finding was one of fact but that it is supported by substantial evidence upon consideration of the record as a whole. Certainly we cannot say that the finding is so clearly contrary to the overwhelming weight of the evidence that we should set it aside or, in the face of these circumstances, substitute our judgment on the evidence for that of the Commission. Wood v. Wagner Electric Corporation, supra; Seabaugh's Dependents v. Garver Lumber Mfg. Co., supra. Upon review of the whole record it is our conclusion that the finding of fact and resultant award are supported by competent and substantial evidence. Ashwell v. United States Seed Co., supra; Doughton v. Marland Refining Co., supra.

Accordingly the judgment is affirmed.

PER CURIAM:—The foregoing opinion by BARRETT, C., in Division Two, is adopted as the opinion of the Court En Banc. *Tipton, Conkling, Clark, Douglas, Ellison, JJ.,* and *Leedy, C. J.,* concur; *Hyde, J.,* concurs in separate opinion.

HYDE, J. (concurring).—I fully concur in the opinion of Barrett, C., herein, but think there should be a clarifying statement made as to the applicability of the Administrative Procedure Act, since respondent construes it as implying that parts of the Act other than the review provisions of Section 10 do not apply to the Workmen's Compensation Commission and other agencies for which statutory procedure for hearings had previously been provided. Clearly the first nine sections of the Administrative Procedure Act do apply to all agencies. It should not be said either that no provisions of Section 10 are applicable to all agencies, for example the last sentence of Section 10 (a), states: "Unreasonable delay on the part of any agency in deciding any contested case shall be grounds for an order

of the court either compelling action by the agency or removing the case to the court for decision."

■ [156] Furthermore, while I agree with the ruling that the finding in this case ("claimant failed to prove that she was in fact a dependent") was a finding of fact, it should·be said that findings in such an ambiguous form should not be made. Both the Workmen's Compensation Act (Sec. 3729, R. S. 1939, Mo. R. S. A.) and the Administrative Procedure Act (Sec. 9, Laws 1945, p. 1504; Sec. 1140.109 Mo. R. S. A.) contemplate that plain, straightforward unambiguous findings should be made at least as to the essential controverted ultimate facts. [See Annotations 146 A. L. R. 124, 151-155, 146 A. L. R. 209.] In such a case as this the finding properly could have been stated thus: "I find as a fact that claimant was not a dependent of the deceased employee." If referees and agencies would make such plain unambiguous findings it would simplify their work and the work of the courts.