Larry EBERLE, E. Spriggs, Walter Moor-
man, Bob Hart, Lee Welch, Henry Rich-
ards, Orvil James, Gladys Eberle, Alice
Kimrey, D. F. Elmore, Arthur Elmore,
N. E. Hancock, John Burris, Orville Payne,
Clarence McComas, Jess Wallace, Kenneth
Wolfe, Oliver Wolfe, Loyd M. Wolfe, and
Evan Pickett, Appellants,

v.

PLATO CONSOLIDATED SCHOOL DIS-
TRICT NO. C-5 OF TEXAS COUNTY,
Missouri, and Cecil Benson, Harold Mc-
Laughlin, Otto Mace, Floyd Duff, Delmar
Ponnell, Clinton Lemons, Members of the
Board of Education of said School District,
Lowell Clark, Secretary of said Board of
Education, and Haskell Holman, State
Auditor of Missouri, Respondents.

No. 46243.

Supreme Court of Missouri.

Division No. 1.

April 14, 1958.

Motion for Rehearing or to Transfer to
Court en Banc Denied May 12, 1958.

Claude T. Wood, Richland, Weldon W.
Moore, Rolla, for appellants.

1

Wm. Duke Hiett, Houston, for all respondents except Haskell Holman, State Auditor of Mo.

John M. Dalton, Atty. Gen., Richard W. Dahms, Asst. Atty. Gen., for respondent Haskell Holman, State Auditor of Mo.

COIL, Commissioner.

Whether Plato Consolidated School District No. C–5 of Texas County should incur an indebtedness of $53,000 and issue its bonds therefor to complete and furnish an elementary school building and repair a high school building was submitted to the district's qualified voters on June 5, 1956. The judges of election certified that there were 248 votes for, 118 against, and 12 void votes cast and that thus the proposition received the required two-thirds majority and passed.

Appellants, plaintiffs below, brought a class action in two counts for themselves as, and in behalf of all other, resident taxpayers against the school district, the members of, and the secretary of, the district board of education, and the state auditor. Plaintiffs sought in count one to contest the election on the ground that there were more than 135 votes against the proposition and that it therefore did not pass by the required two-thirds majority, and in the second count to obtain appropriate injunctive relief for the averred reason that there was no valid notice of election.

The trial court dismissed count one and, after a trial, dismissed count two. Plaintiffs appealed from the ensuing judgment which we construe to have included the final dismissals of both counts of the petition.

■ The sole question presented pertaining to count one is whether Art. VI, § 26(g), Mo.Const.1945, V.A.M.S., is self-executing. That section, included in the article titled "Local government," was, "All elections under this article may be contested as provided by law." Plaintiffs correctly concede that there has been no legislation enacted providing for the contest of elections like that in question and that where, as is instantly true, no common-law remedy exists, it is well established that the courts have no jurisdiction to adjudicate such election contests. Plaintiffs rely solely on the contention that the aforequoted constitutional provision is self-executing.

Plaintiffs recognize that in the recent case of Wann v. Reorganized School Dist. No. 6 of St. Francois County, Mo., 293 S.W.2d 408, this court specifically held that Art. VI, § 26(g), supra, was not self-executing and did not, in the absence of implementing legislation, authorize the adjudication of an election contest like the one here involved. Plaintiffs ask, in effect, that we re-examine the construction placed on Art. VI, § 26(g), supra, in the light of two propositions now urged which plaintiffs contend were not presented or sufficiently considered in the Wann case. Plaintiffs contend that the Wann opinion failed to give proper effect to the prior banc decision in Scott v. Wheelock Bros., 357 Mo. 480, 209 S.W.2d 149, and failed to take sufficiently into account or properly give effect to the debates of the constitutional convention preceding the enactment of the constitutional section in question.

The Wann opinion shows that the court considered Scott v. Wheelock, supra (293 S.W.2d 412), and specifically referred to the debates in the constitutional convention (293 S.W.2d 411, footnote 1). Plaintiff, nevertheless, contends that because the court held in Scott v. Wheelock, supra (upon the authority of Wood v. Wagner Electric Corp., 355 Mo. 670, 197 S.W.2d 647), that a portion of Art. V, § 22, Const. Mo.1945, was self-executing and because the language of a portion of that section is similar in directive effect to the language of Art. VI, § 26(g), supra, the banc decision in the Scott case, supra, imperatively requires us to hold Art. VI, § 26(g), supra, also self-executing. That contention is

without merit because, irrespective of any other reason, the portion of Art. V, § 22, which Wood v. Wagner and Scott v. Wheelock, supra, held self-executing, was not the part of that section which is in anywise similar to Art. VI, § 26(g).

Art. V, § 22, is: "All final decisions, findings, rules and orders of any administrative officer or body existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provided by law; and such review shall include the determination whether the same are authorized by law, and in cases in which a hearing is required by law, whether the same are supported by competent and substantial evidence upon the whole record." The language of the above section upon which plaintiffs rely as here controlling is that which precedes the semicolon, and specifically, "shall be subject to direct review by the courts as provided by law." The difficulty with plaintiffs' position is that the part of the section relied on was not held to be self-enforcing; rather, it was that part of the section following the semicolon which provided for a minimum *scope* of review of decisions of administrative tribunals that was held to be self-executing.

In the Wood case, the court said (197 S.W.2d 649 [1–5]): "The provision in Section 22 that administrative decisions 'shall be subject to direct review by the courts as provided by law' refers to the *method of review to be provided* (certiorari, appeal, etc.) and not to the scope of the review 'in cases in which a hearing is required by law.' For the latter, *this stated minimum standard* ('supported by competent and substantial evidence upon the whole record') *is mandatory and requires no legislation to put it into effect.*" (Emphasis, present writer's.) Nothing could be clearer than that Wood v. Wagner, supra, held the portion of Art. V, § 22, providing for the *scope of review* was

self-executing and that the portion *shall be subject to direct review by the courts as provided by law* was not self-executing but referred to the various methods of review then provided or to be thereafter provided by law.

Likewise it is also clear beyond doubt that the court's statement in Scott v. Wheelock, supra, based upon the prior holding in Wood v. Wagner, supra, that Art. V, § 22, was self-enforcing referred to the same scope-of-review provision of that section which had been held self-executing in Wood v. Wagner. That such is true is demonstrated by the court's language in the Scott case (209 S.W.2d 150): "Section 22 of Article V of the Constitution, providing for judicial review of the decisions of all administrative bodies, is self-enforcing, however, and the case on appeal is to be determined in the light of Section 3732 of the compensation law [Section 287.490 RSMo 1949, V.A.M.S.] * * * as that law has been broadened by the *self-enforcing* requirement of the Constitution to include a determination of whether the award is 'supported by competent and substantial evidence upon the whole record.' Const.Mo. Art. V, Sec. 22; * * * Wood v. Wagner Electric Corporation, Mo.App. [should have been Mo.Sup.], 197 S.W.2d 647." (Emphasis and bracketed insert present writer's.) It is apparent that the court's meaning in referring generally to Art. V, § 22, as self-enforcing was made specific and clear by the later reference to the particular self-executing portion of Sec. 22, i. e., the same "scope-of-review" provision which had been held self-executing in the Wood v. Wagner case, supra.

The difference is apparent and plain between the language of the portion of Art. V, § 22, which is self-executing, viz., "and such review shall include the determination whether the same are authorized by law, and in cases in which a hearing is required by law, whether the same are supported by competent and sub-

stantial evidence upon the whole record," and the language of Art. VI, § 26(g), viz., "All elections under this article may be contested as provided by law." In the former, a minimum review standard is specifically set forth; in the latter the method and manner for contesting particular elections was as provided or as was to be provided by the legislature.

Nor is there merit in plaintiffs' contention that the constitutional convention debates were misconstrued in the Wann opinion. We have re-examined the "debates" specified in plaintiffs' brief and we again assert, as stated in the Wann opinion, supra (293 S.W.2d 411, footnote 1), "The debates in the constitutional convention are of doubtful value in determining the issue here * * *." We add to the remainder of the footnote the observation that, as we read the discussion in the constitutional convention (Debates, 1943–1944, Constitutional Convention, part 7, pp. 3103, 3104), Art. VI, § 26(g), as finally adopted was worded as it was to make clear that the execution of that provision depended upon legislative implementation even though it was recognized that the legislature probably had the power to provide for, and to provide the procedure for, election contests without any empowering constitutional provision.

It follows, upon re-examination, that we again hold that Art. VI, § 26(g), Mo. Const.1945, is not self-executing.

■ The trial court did have jurisdiction to (Wann v. Reorganized School Dist. No. 6, supra, 293 S.W.2d 412 [6]), and did, adjudicate plaintiffs' count two contention, viz. that the notices of the election were defective and void.

Section 165.040 RSMo 1949, V.A.M.S., provides in pertinent part: " * * * Notice of said election shall be given at least fifteen days before the same shall be held, by at least five written or printed notices, posted in five public places in the school district where said election shall be held,

and the amount of the loan required, and for what purposes; it shall be the duty of the clerk to sign and post said notices * * *."

Each posted notice read:

"Notice of School Bond Election

"Notice is hereby given to the qualified voters of Plato Consolidated School District No. C-5 of Texas County, Missouri, that by order of the Board of Education of said School District on the *30th* day of *April,* 1956, a special school election will be held at:

5th & 6th Grade Room

in said School District on:

Tuesday, June 5th, 1956

commencing at 6:00 o'clock A.M. and closing at 7:00 o'clock P.M. for the purpose of submitting to the qualified voters of said School District a proposition to issue the negotiable coupons of said School District in the aggregate sum of $53,000.00, for the purpose of completing the new elementary school building now under construction and furnishing the same and repairing the existing high school building within said school district.

"The qualified voters at such election shall vote by ballot in the form provided by law.

"Done by order of the Board of Education this *18th* day of *May,* 1956.
    "Lowell Clark
    ----------------------
    "Secretary, Board of Education
    "Plato Consolidated School
        District No. C–5, of Texas
        County, Missouri"

■ Plaintiffs concede that five of the foregoing notices were posted by the clerk in five public places within the school district at least fifteen days before the election. Plaintiffs' sole contention of invalidity is that the notices read, issue the negotiable *coupons* of said school district,

instead of, the negotiable *coupon bonds* of said school district.

There is no merit in the contention for the reason that the notices as written constituted substantial compliance with the pertinent provisions of the law. The proposition stated on the ballot was:

"Shall Plato Consolidated School District No. C–5, of Texas County, Missouri, incur indebtedness and issue its bonds therefor in the amount of $53,000.00 for the purpose of completing the new elementary school building now under construction and furnishing the same and repairing the existing high school building within said School District?"

The questioned election notices made plain that an election was to be held to vote on a proposition to obligate the school district for $53,000 for specified purposes. The fact that they referred to "negotiable coupons" instead of to negotiable coupon bonds certainly would not have misled any voter, and there was no showing or contention that anyone was misled, with respect to the essential fact that the proposition he was to vote on was whether the district should be obligated for $53,000 for specified purposes. See Peter v. Kaufmann, 327 Mo. 915, 38 S.W.2d 1062, 1065 [3]; Jacobs v. Cauthorn, 293 Mo. 154, 238 S.W. 443, 444 [1, 2]; State ex inf. Atty. Gen. ex rel. Lincoln v. Bird, 295 Mo. 344, 244 S.W. 938, 939 [2].

The two cases next cited, relied on by plaintiffs, do not support their contention and one of them is authority for the conclusion above. In State ex rel. City of Berkeley v. Holmes, 358 Mo. 1237, 219 S.W. 2d 650, this court held that a notice of election published nineteen days before was not compliance with a provision requiring the first publication to be at least twenty-one days before the election date. It was pointed out that statutory directions as to the *time* of giving notices are mandatory. The court commented, however, that "Variations as to form of notice or of ballots,

which could not mislead voters, may reasonably be held to be substantial compliance." 219 S.W.2d 653 [2]. In Young v. Brassfield, Mo.App., 228 S.W.2d 823, 825, it was held, not apposite to the instant question, that strict compliance with statutory provisions as to "method, manner, and time of notice of special elections" was essential and thus posting four notices was not compliance with a statutory requirement that five notices be posted.

It follows from all the foregoing that the trial court properly dismissed both counts of the petition and the judgment is affirmed.

VAN OSDOL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.